# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

OPAL HARGER, et al.,
                    *Plaintiffs,*

            and

EDITH WATTERS; JUDY M. HENGEN;
DONNA CAPUTO,
                    *Plaintiffs-Appellants,*

            v.

DEPARTMENT OF LABOR; NATIONAL
INSTITUTE OF OCCUPATIONAL
SAFETY AND HEALTH,
                    *Defendants-Appellees.*

No. 08-35111

D.C. No.
CV-06-05071-RHW

ORDER
AMENDING
OPINION AND
DENYING
PETITION FOR
REHEARING *EN
BANC* AND
AMENDED
OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Argued and Submitted
December 8, 2008—Seattle, Washington

Filed March 27, 2009
Amended June 10, 2009

Before: Robert R. Beezer, Ronald M. Gould and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Callahan

**COUNSEL**

Tom H. Foulds, Tom H. Foulds & Associated Counsel, on behalf of plaintiffs-appellants Opal Harger, et al.

Rolf H. Tangvald, Assistant United States Attorney, on behalf of defendants-appellees United States Department of Labor and the National Institute of Occupational Safety and Health.

## ORDER

The opinion filed March 27, 2009, 560 F.3d 1071 (9th Cir. 2009), is hereby amended as follows:

At 560 F.3d at 1076 n.9, replace the entire text of footnote 9 with:

> The district court stated the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b), could not form the basis of an attorney's fee award even though the United States has expressly waived sovereign immunity in that provision. This statement was not in response to an argument by Foulds that EAJA effected a waiver of sovereign immunity with respect to his claim for an equitable lien, and, accordingly, we need not consider on appeal whether EAJA effects such a waiver. *See Balser*, 327 F.3d at 908 ("Generally speaking, we will not consider an issue raised for the first time on appeal." (citation and internal quotation marks omitted)). Moreover, on appeal, Foulds did not distinctly assert that the United States expressly waived its sovereign immunity under EAJA until his rebuttal during oral argument. Again, the untimely nature of this argument on appeal obviates our need to consider it. *See* Fed. R. App. P. 28(a)(9)(A) ("The appellant's brief must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."); *McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009) ("Because this argument was not raised clearly and

distinctly in the opening brief, it has been waived.”); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (“We review only issues which are argued specifically and distinctly in a party’s opening brief.”). Even if we were to consider this argument, it would fail because 28 U.S.C. § 2412(b) by its language applies to “civil actions,” not administrative proceedings where an attorney successfully represents claimants. Therefore, section 2412(b) does not provide an unequivocal waiver of the government’s sovereign immunity in this case.

With this amendment, Judge Gould and Judge Callahan vote to deny the Petition For Rehearing *En Banc*, and Judge Beezer recommends denying the Petition For Rehearing *En Banc*. The full court has been advised of the petition and no judge of the court has requested a vote on the petition. Accordingly, the Petition For Rehearing *En Banc* is DENIED. No further petitions will be entertained.

---

## OPINION

CALLAHAN, Circuit Judge:

Attorney Tom H. Foulds appeals the district court’s denial of his motion for a preliminary injunction and for an equitable lien for attorney’s fees, which he based on the “common fund doctrine.”[1] Foulds had brought an administrative petition before the Department of Labor (“DOL”) and the National Institute for Occupational Safety and Health (“NIOSH”) on behalf of several individuals (of a purported class of roughly 400). Foulds sought respective $150,000 lump sum payments under the Energy Employees Occupational Illness Compensa-

---

[1] The district court discussed the motions at issue here with reference to Foulds, and not the named plaintiffs. We adopt this convention since this appeal only involves Foulds’s request for an equitable fee lien.

tion Program Act, 42 U.S.C. §§ 7384-7385s-15, which entitles certain Department of Energy ("DOE") workers to compensation for illnesses suffered due to their exposure to radiation and other toxic substances while working at DOE facilities. NIOSH denied the administrative petition and Foulds subsequently filed a petition for review in the district court. While the district court action was pending, the government vacated the denials of the administrative claims and subsequently authorized the award of benefits to qualifying claimants. Before the dispersal of the funds, Foulds filed the motions at issue seeking to collect a percentage fee from each lump sum payment to be made.

The district court denied the motions on the grounds that the United States government had not waived its sovereign immunity and that, even if it had, the district court could not fashion a common fund attorney fee award because it lacked control over the government funds at issue. We affirm the district court's decision on the ground that the government has not waived its sovereign immunity. As a result, we do not address whether the common fund doctrine is applicable in this case.

## I.

### A.

In 2000, Congress passed the Energy Employees Occupational Illness Compensation Program Act, 42 U.S.C. §§ 7384-7385s-15 ("EEOICPA"), which established a program to compensate individuals with illnesses (e.g., cancer, beryllium poisoning) attributable to their exposure to radiation and other toxic substances (e.g., beryllium, silica) while working for DOE. *See* 42 U.S.C. §§ 7384, 7384d; *Hayward v. U.S. Dep't of Labor*, 536 F.3d 376, 377-78 (5th Cir. 2008) (per curiam).[2]

---

[2]Congress appropriated $250 million to the Energy Employees Occupational Illness Compensation Fund. *See* 42 U.S.C. §§ 7384e, 7384g.

Under "Part B" of EEOICPA, covered employees or their eligible survivors may receive compensation in a lump sum payment of $150,000 plus medical benefits for covered individuals.[3] 42 U.S.C. § 7384s; *see generally id.* §§ 7384*l*-7384w-1.

In most exposure cases, an individual or survivor must file a claim with the DOL's Office of Workers' Compensation Programs ("OWCP"), which forwards the claim package to NIOSH[4] for a reconstruction or estimation of the amount of radiation exposure during employment (i.e., dose reconstruction). *See* 20 C.F.R. §§ 30.100, 30.101, 30.115, 30.210. After NIOSH completes a dose reconstruction, OWCP resumes adjudicative authority over the claim for a final causation determination. 20 C.F.R. § 30.115(b); *see also* 42 U.S.C. § 7384n (stating causation standards).

Certain employees with specified cancers, however, are members of a "Special Exposure Cohort" ("Cohort") for whom EEOICPA provides a statutory presumption of causation. *See* 42 U.S.C. § 7384*l*(14); 42 C.F.R. § 83.0. The President, on advice of the Advisory Board on Radiation and Worker Health ("Board"), may designate new classes of workers for addition to the Cohort. 42 U.S.C. §§ 7384o, 7384q; 42 C.F.R. § 83.1. These additions cover classes of DOE employees for whom "it is not feasible to estimate with sufficient accuracy the radiation dose that the class received" and where "there is a reasonable likelihood that such radiation dose may have endangered the health of members of the class." 42 U.S.C. § 7384q(b); *see* Exec. Order 13,179, 65 Fed. Reg. 77,487, 77,488 (Dec. 7, 2000) (delegating President's authority to the Secretary of HHS).

---

[3]Similarly, "Part E" of EEOICPA provides compensation for permanent impairments or wage loss to DOE contractor employees with a covered illness in the form of a variable lump sum payment. 42 U.S.C. §§ 7385s-1, 7385s-2.

[4]NIOSH is part of the Department of Health and Human Services ("HHS").

An individual may also petition to add a class of employees to the Cohort by submitting a petition to NIOSH, which evaluates the petition and presents findings to the Board. 42 C.F.R. §§ 83.1-83.9, 83.12-83.14. The Board then makes a recommendation to the Secretary of HHS regarding designation of the new class as part of the Cohort. *Id.* § 83.15. If the Secretary of HHS designates the new class, he will transmit a report to Congress defining the new covered class. *Id.* §§ 83.16-83.17. This designation takes effect 30 days after submission of the report unless Congress expedites or reverses the designation. *Id.* § 83.17(c). A claimant may seek administrative review of a final decision denying a petition for addition to the Cohort. *Id.* § 83.18.[5]

EEOICPA limits the attorney's fees recoverable for assisting a claimant in recovering a Part B payment to a percentage of the payment received: either "2 percent for the filing of an initial claim for payment of lump-sum compensation"; or "10 percent with respect to objections to a recommended decision denying payment of lump-sum compensation." 42 U.S.C. § 7385g(a)-(b).

## B.

On January 6, 2006, attorney Foulds filed an administrative petition "on behalf of a class of workers consisting of all former employees of Du Pont Company working at the Hanford Nuclear Reservation" during the 1943 to 1946 period ("Administrative Petition"). The Administrative Petition sought to add this class of workers to the Cohort. NIOSH denied the Administrative Petition.

---

[5]Also, Executive Order 12,988 states: "It is reasonably likely that some EEOICPA claimants will seek review of adverse decisions in United States district courts pursuant to the APA (for claims under Part B of EEOICPA) or the EEOICPA itself (for claims under Part E)." 70 Fed. Reg. 33,590, 33,604, (June 8, 2005); *accord* 67 Fed. Reg. 78,874, 78,885 (Dec. 26, 2002).

On October 4, 2006, Opal Harger filed a Petition Praying to Set Aside Decision to Deny Benefits and Also Praying that Benefits Be Awarded Plaintiff and For Attorney's Fees and Costs ("Review Petition") in the district court. Harger and several subsequently-joined plaintiffs, including Hengen, brought the Review Petition seeking review, under the APA's "arbitrary and capricious" standard, of the decision not to add a class of employees to the Cohort.[6] The Review Petition sought attorney's fees and costs pursuant to 5 U.S.C. § 504.

While the Review Petition was pending in the district court, OWCP's Director of Energy Employees Occupational Illness Compensation vacated all of the final decisions that denied the plaintiffs' respective administrative claims. On the government's motion, the district court stayed each claim pending the issuance of new final decisions on each administrative claim. Subsequently, the Secretary of HHS designated the proposed class of Du Pont workers as part of the Cohort, effective October 12, 2007.[7] *See* 72 Fed. Reg. 61,167, 61,168 (Oct. 29, 2007). The parties estimate that this class covers approximately 350 to 400 workers and/or survivors.

Foulds thereafter filed a motion in the district court for (1) a preliminary injunction to prevent DOL from distributing funds for payment of any EEOCIPA lump sum payments to the new members of the Cohort; and (2) an equitable lien for attorney's fees on every DOL payment, under a common fund theory, related to his work on the Administrative Petition.[8]

---

[6]Foulds is seeking attorney's fees on behalf of plaintiff Hengen. Harger's present relevance to this appeal is limited to the use of her name in the caption.

[7]Foulds has not cited record evidence reflecting his efforts, if any, to pursue attorney's fees in the administrative action.

[8]Generally, under the common fund doctrine, "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *see also Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977).

The district court denied both motions. It held that Foulds's claims for attorney's fees based on the common fund doctrine failed because (a) sovereign immunity, which the government had not waived, "bars creditors from enforcing a lien on government property"; and (b) the common fund doctrine did not apply to the "legislative" actions that added the claimants to the Cohort, as opposed to judicial actions, because the district court did not have control over the funds at issue, a prerequisite to application of the common fund doctrine. Foulds filed a timely notice of appeal.

## II.

We review de novo the district court's dismissal for lack of subject matter jurisdiction, including whether the United States has waived its sovereign immunity. *Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1193 (9th Cir. 2005); *Bramwell v. U.S. Bureau of Prisons*, 348 F.3d 804, 806 (9th Cir. 2003). We review the grant or denial of a preliminary injunction for an abuse of discretion. *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). "If the district court is claimed to have relied on an erroneous legal premise in reaching its decision to grant or deny a preliminary injunction, we will review the underlying issue of law de novo." *Id.*

## III.

We must determine whether the United States government waived its sovereign immunity as to Foulds's claim for an equitable attorney fee lien against the lump sum payments to be made to the Du Pont members of the Cohort. The district court held that the federal government had not effected any such waiver. We agree.

Sovereign immunity is at issue because Foulds, in essence, sued agencies of the United States, DOL and NIOSH, for money in its possession. *See Kalodner v. Abraham*, 310 F.3d

767, 770 (D.C. Cir. 2002) ("[T]he *sine qua non* of federal sovereign immunity is the federal government's *possession* of the money in question."). " 'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.' " *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999) (citation omitted). "A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim." *Balser v. Dep't of Justice*, 327 F.3d 903, 907 (9th Cir. 2003). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Further, a waiver of immunity "will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.* The Supreme Court has called this a "high standard." *Blue Fox*, 525 U.S. at 261.

Foulds contends that the United States expressly waived its sovereign immunity with respect to his equitable lien claim in the APA, 5 U.S.C. § 702, which states, in pertinent part:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States *seeking relief other than money damages* and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

(Emphasis added.) Pursuant to 5 U.S.C. § 702, a plaintiff must seek "relief other than money damages." *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 929 (9th Cir. 2008).

Foulds contends that his claim for an equitable fee lien seeks relief other than money damages.[9]

The Supreme Court has offered guidance regarding whether sovereign immunity precludes the enforcement of equitable liens against the United States. In *Department of the Army v. Blue Fox, Inc.*, the Court held that the Army had not waived sovereign immunity under 5 U.S.C. § 702 where an unpaid subcontractor on a government construction project sued the Army seeking to enforce an equitable lien for money owed to it by an insolvent prime contractor. *See* 525 U.S. at 256-57. Clarifying its prior decision in *Bowen v. Massachusetts*, 487 U.S. 879 (1988), the Court stated that "the crucial question under § 702 is not whether a particular claim for relief is 'equitable' . . . , but rather what Congress meant by

---

[9]The district court stated the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b), could not form the basis of an attorney's fee award even though the United States has expressly waived sovereign immunity in that provision. This statement was not in response to an argument by Foulds that EAJA effected a waiver of sovereign immunity with respect to his claim for an equitable lien, and, accordingly, we need not consider on appeal whether EAJA effects such a waiver. *See Balser*, 327 F.3d at 908 ("Generally speaking, we will not consider an issue raised for the first time on appeal." (citation and internal quotation marks omitted)). Moreover, on appeal, Foulds did not distinctly assert that the United States expressly waived its sovereign immunity under EAJA until his rebuttal during oral argument. Again, the untimely nature of this argument on appeal obviates our need to consider it. *See* Fed. R. App. P. 28(a)(9)(A) ("The appellant's brief must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."); *McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009) ("Because this argument was not raised clearly and distinctly in the opening brief, it has been waived."); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief."). Even if we were to consider this argument, it would fail because 28 U.S.C. § 2412(b) by its language applies to "civil actions," not administrative proceedings where an attorney successfully represents claimants. Therefore, section 2412(b) does not provide an unequivocal waiver of the government's sovereign immunity in this case.

'other than money damages' . . . ." *Blue Fox*, 525 U.S. at 261. It concluded that "Congress employed this language to distinguish between specific relief and compensatory, or substitute, relief."[10] *Id.* The Court reiterated that "*Bowen's* interpretation of § 702 thus hinged on the distinction between specific relief and substitute relief, not between equitable and nonequitable categories of remedies." *Id.* at 262. "Damages are given to the plaintiff to *substitute* for a suffered loss, whereas specific remedies are not substitute remedies at all, but attempt to give the plaintiff the very thing to which he was entitled." *Id.* (quoting *Bowen*, 487 U.S. at 895) (internal quotation marks omitted).

Addressing the equitable lien at issue in *Blue Fox*, the Court held that the equitable lien sought by the subcontractor —a lien for non-payment on a contract—constituted a claim for money damages. *Id.* at 262-63. The Court commented on the nature of liens, stating:

> Liens, whether equitable or legal, are merely a means to the end of satisfying a claim for the recovery of money. Indeed, equitable liens by their nature constitute substitute or compensatory relief rather than specific relief. An equitable lien does not "give the plaintiff the very thing to which he was entitled"; instead, it merely grants a plaintiff "a security interest in the property, which [the plaintiff] can then use to satisfy a money claim," usually a claim for unjust enrichment.

*Id.* (citations omitted). The Court further stated that its holding was in accord with its prior decisions "establishing that

---

[10]In *Bowen*, the Court held that a federal district court had jurisdiction to review a final order of the Secretary of HHS refusing to reimburse a state for a category of expenditures under a Medicaid program to which the state would have otherwise been entitled under the statute, finding a waiver of sovereign immunity in 5 U.S.C. § 702. *See* 487 U.S. at 891-901.

sovereign immunity bars creditors from attaching or garnishing funds in the Treasury, or enforcing liens against property owned by the United States." *Id*. at 264 (citations omitted).

The Court's discussion of equitable liens as security interests, i.e., substitute or compensatory relief, supports the district court's holding that equitable liens seek money damages and, therefore, the United States has not waived sovereign immunity under 5 U.S.C. § 702. Foulds's request for an equitable lien is an attempt to encumber the funds in the possession of the federal government such that future payments of lump sum Part B entitlements must also incorporate a percentage fee for his services. He is not seeking the very thing that he is entitled to from the government; instead he seeks a security interest and is attempting to secure compensation through an indirect procedure when he cannot do so directly. Therefore, 5 U.S.C. § 702 does not statutorily waive the government's sovereign immunity.

Foulds does not directly challenge the Court's teaching that equitable liens are by their nature substitute relief for the purpose of 5 U.S.C. § 702. Instead, he argues that *Blue Fox* is distinguishable from the present case because the Court's discussion was limited to the "sort of equitable lien sought" in that case, not all equitable liens. He contends that the lien in *Blue Fox* sought to compensate the subcontractor for a loss or damages it suffered as a result of nonpayment by the prime contractor; whereas, here, Foulds is seeking attorney's fees on money to which the Du Pont workers are entitled.[11] Foulds's argument is unpersuasive because it conflates the Du Pont workers' Part B entitlement under EEOICPA with his own purported entitlement to attorney's fees as a result of the

[11]Foulds argues: "Once the worker qualifies [for a Part B payment under EEOICPA] . . . , the award becomes an entitlement, 'to give the plaintiff the very thing to which he was entitled.' In other words, an award for which he is eligible is not for money damages as substitute compensation for a loss, rather it is specific relief for an entitlement."

Administrative Petition. Moreover, like the lien at issue in *Blue Fox*, the goal of Foulds's lien here is "to seize or attach money in the hands of the Government as compensation" for services he provided to non-clients in the administrative proceedings that he cannot otherwise collect directly. 525 U.S. at 263.

Alternatively, Foulds argues that "DOL implicitly admitted that claims for worker awards are not claims for 'money damages' subject to sovereign immunity" in Executive Order 12,988, which states that Part B claimants "will likely seek review of adverse decisions in . . . district courts pursuant to the [APA] . . . ." 67 Fed. Reg. 78,885. We reject this argument because finding an implicit waiver of sovereign immunity in the APA would run afoul of the Court's holding that a waiver of sovereign immunity "must be unequivocally expressed in statutory text . . . and will not be implied." *Lane*, 518 U.S. at 192. Moreover, finding an implicit waiver would be counter to the Court's prescription that a waiver "will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.*

Foulds has not demonstrated that the United States waived its sovereign immunity.[12] As a result, we lack jurisdiction over this case.

## IV.

The United States has not waived its sovereign immunity in 5 U.S.C. § 702, which effects a waiver only where a claimant seeks "relief other than money damages." Foulds's claim for an equitable lien seeks a security interest against EEOICPA payments, not "relief other than money damages." *See Blue Fox*, 525 U.S. at 260-63. Accordingly, the United

---

[12]At oral argument, Foulds abandoned his argument, which he raised for the first time on appeal, that a Washington State attorney lien statute provides a waiver of sovereign immunity.

States has not waived its sovereign immunity, and the district court's grant of summary judgment to the United States is **AFFIRMED**.