**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEUWANDA J. LYNCH GUZMAN, | No. 08-17553 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01802-GMS |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted February 9, 2010
San Francisco, California

Before: NOONAN, BERZON and IKUTA, Circuit Judges.

Leuwanda Lynch Guzman appeals the district court's grant of summary

judgment to the Commissioner in a challenge to the Commissioner's finding that

Guzman is not disabled pursuant to Title XVI of the Social Security Act. "[W]e

review de novo the district court's order upholding a decision of the Commissioner

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

denying benefits to an applicant. The Commissioner's decision must be affirmed by us if supported by substantial evidence, and if the Commissioner applied the correct legal standards." *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (internal citations omitted). We affirm.

1. The Administrative Law Judge ("ALJ") properly rejected Guzman's subjective complaint testimony based on "clear and convincing reasons." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008). Guzman testified that her fatigue limited her to standing for thirty minutes and sitting for forty-five minutes, after which her chest, back and shoulders hurt. **[ER 103]** The ALJ was entitled to discredit this testimony as inconsistent with Guzman's reported daily activities, including her testimony that she regularly socializes in nightclubs and bars and occasionally plays pool. **[ER 172, 453]** *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

2. We affirm the ALJ's rejection of Dr. Bhalla's opinion as to Guzman's residual functional capacity (RFC). The ALJ discredited Dr. Bhalla's opinion for "specific and legitimate reasons supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (quotations omitted). In particular, the ALJ properly relied on the fact that Dr. Bhalla's assessment of Guzman's capacity grew

2

more restricted between 1999, 2002, and 2004 even though his treatment notes did not reflect any deterioration in her condition. **[ER 300-02, 343, 346]**

3.      Finally, we affirm the ALJ's assessment of Guzman's RFC.  Residual functional capacity is an administrative finding reserved to the Commissioner.  20 C.F.R. § 404.1527(e)(2).  "In making h[er] RFC determination, the ALJ took into account those limitations for which there was record support that did not depend on [Guzman's] subjective complaints." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  The ALJ's observation that "the medical findings are modest and show that the medication regimen is effective, and is without any significant side effects" is supported by ample record evidence, including Dr. Bhalla's treatment notes and Guzman's own testimony. **[See ER 451-55]**  The RFC included a sit-stand option "to avoid exacerbating joint pain [by] staying in a prolonged position." **[ER 10]** This option addressed the stiffness Guzman experienced as a result of her rheumatoid arthritis and noted in Dr. Harris' testimony.[1]  **[ER 428]** We therefore find that the ALJ's RFC determination was supported by substantial evidence.

        **AFFIRMED.**

_____

[1] We do not consider whether the ALJ erred by relying on Dr. Harris' testimony at the second hearing without addressing his comments on the effect of Guzman's fatigue on her ability to sustain full time work.  Guzman waived this challenge by not setting forth an argument to support it in her opening brief. *See Harger v. DOL*, 569 F.3d 898, 904 n.9 (9th Cir. 2009).

3