**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 19 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORMAN DOUGLAS DIAMOND, | No. 15-56100 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-09196-GHK-AGR |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted April 11, 2017**

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Norman Douglas Diamond appeals pro se from the district court's judgment

dismissing his damages action under 26 U.S.C. § 7433 arising from various

interactions with defendant involving his federal income taxes.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for lack of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

subject matter jurisdiction. *Harger v. Dep't of Labor*, 569 F.3d 898, 903 (9th Cir. 2009). We affirm.

The district court properly dismissed Diamond's action without prejudice for lack of subject matter jurisdiction because Diamond failed to show his claims fell within a waiver of sovereign immunity. *See Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983) (waiver of sovereign immunity "must be unequivocally expressed," and "[t]he party who sues the United States bears the burden of pointing to such an unequivocal waiver of immunity" (citation and internal quotation marks omitted)); *Miller v. United States*, 66 F.3d 220, 222-23 (9th Cir. 1995) (waiver of sovereign immunity under § 7433 permitting taxpayers to sue for misconduct in collection of taxes does not extend to improper determination or assessment of taxpayer's liabilities); *see also Shwarz v. United States*, 234 F.3d 428, 433 (9th Cir. 2000) ("Section 7433 creates a private right of action only for tax collection activity that violates some provision of the Revenue Code or the regulations promulgated thereunder.").

We reject as meritless Diamond's contentions that he was improperly denied discovery and injunctive relief.

We do not consider matters not specifically and distinctly raised and argued

2                                                                                    15-56100

in the opening brief, or arguments, allegations, or evidence raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

Diamond's motions for leave to file supplemental briefs (Docket Entry Nos. 39, 41) are granted. The Clerk shall file the supplemental briefs (Docket Entry Nos. 40, 42).

All other pending motions and requests (Docket Entry Nos. 2, 6) are denied.

**AFFIRMED.**