NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORMAN DOUGLAS DIAMOND, | No. 15-55334 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-08042-GHK-AGR |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Norman Douglas Diamond appeals pro se from the district court's judgment

dismissing his damages action arising from various interactions with defendant

involving his federal income taxes.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).  Accordingly, to the extent Diamond requests oral argument in his opening brief, that request is denied.

We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), and for lack of subject matter jurisdiction, *Harger v. Dep't of Labor*, 569 F.3d 898, 903 (9th Cir. 2009). We affirm.

The district properly dismissed Diamond's second cause of action for unauthorized disclosures of his social security number because the disclosures at issue were expressly authorized by statute. *See* 26 U.S.C. § 6103(h)(4)(A) (providing that a return or return information may be disclosed in a "judicial or administrative proceeding pertaining to tax administration" if the taxpayer is a party to the proceeding). Contrary to Diamond's contention, this disclosure authorization does not apply only when disclosures are made under seal.

The district court properly dismissed the remaining causes of action for lack of subject matter jurisdiction because Diamond failed to show an explicit waiver of sovereign immunity. *See Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983) (waiver of sovereign immunity "must be unequivocally expressed," and "[t]he party who sues the United States bears the burden of pointing to such an unequivocal waiver of immunity" (citation and internal quotation marks omitted)); *see also* 26 U.S.C. § 7422(a) (setting forth administrative remedy requirements for

refund actions); 26 U.S.C. § 7434(a) (providing a private right of action only against the "person" who "willfully files a fraudulent information return"); *Flora v. United States*, 362 U.S. 145, 176 (1960) (full payment of assessment required before filing suit); *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) ("We find no evidence in . . . [42 U.S.C. § 1985] that Congress intended to subject federal agencies to . . . § 1985 liability."). We treat the dismissal of the claims for lack of subject matter jurisdiction as being without prejudice. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) (dismissals for lack of subject matter jurisdiction should be without prejudice).

We reject as meritless Diamond's contentions that the district court mishandled documents, and that Diamond was improperly denied discovery.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments, allegations, or evidence raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

Diamond's motion for leave to file a second supplemental brief (Docket Entry No. 36) is granted. The Clerk shall file the supplemental brief (Docket Entry

No. 37).

**AFFIRMED.**