**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CROW ALLOTTEES ASSOCIATION, a Montana non-profit corporation; ERMA JEAN FIGHTER MOCCASIN; CLAUDIA E. FLATMOUTH; KATHLEEN L. FLATMOUTH; LEON B. FLATMOUTH; REBECCA K. FLATMOUTH; RONALD J. FLATMOUTH; CARLSON GOES AHEAD; MICHAEL HILL; FLOYD HORN; BEVERLY GRAY BULL HUBER; STEPHEN D. HUBER; HENRY OLD HORN; SHARON S. PEREGOY; LYNNA SMITH; FRANCIS JOE WHITE CLAY,

Plaintiffs-Appellants,

v.

UNITED STATES BUREAU OF INDIAN AFFAIRS; UNITED STATES DEPARTMENT OF THE INTERIOR; SALLY JEWELL, in her official capacity as United States Secretary of the Interior; KEVIN K. WASHBURN, Esquire, in his official capacity as Assistant Secretary of the Interior for Indian Affairs,

No.    15-35679

D.C. No. 1:14-cv-00062-SPW

MEMORANDUM[*]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants-Appellees.

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted June 14, 2017
Seattle, Washington

Before: BYBEE, M. SMITH, and CHRISTEN, Circuit Judges.

Crow Allottees Association and individual members of the Crow Tribe ("Plaintiffs") appeal the district court's dismissal of their claims on sovereign immunity grounds. "We review de novo . . . whether the United States has waived its sovereign immunity," *Harger v. Dept. of Labor*, 569 F.3d 898, 903 (9th Cir. 2009), and can affirm "on any basis supported by the record," *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013). We affirm.

1.     The district court held that sovereign immunity barred Plaintiffs' claims. Plaintiffs contend that 5 U.S.C. § 702, 25 U.S.C. § 345, and 28 U.S.C. § 1353 waive the United States' sovereign immunity for their claims. The district court correctly ruled that 25 U.S.C. § 345 and 28 U.S.C. § 1353 do not waive sovereign immunity for Plaintiffs' claims because Plaintiffs are not seeking an initial allotment of land. *See Jachetta v. United States*, 653 F.3d 898, 906 (9th Cir. 2011) (explaining that 25 U.S.C. § 345 waives sovereign immunity "only with respect

to . . . cases . . . seeking an original allotment" (citation omitted)); *id.* ("We have held that '28 U.S.C. § 1353 is a recodification of the jurisdictional portion of [25 U.S.C.] § 345.'" (citation omitted)). The district court held that 5 U.S.C. § 702 did not waive sovereign immunity because there was no final agency action. Specifically, the district court ruled that there would be no final agency action until the waivers executed pursuant to the Crow Tribe-Montana Water Rights Compact (the "Compact") became effective. We note that the district court's starting premise—that § 702's waiver of sovereign immunity requires final agency action—is the subject of an intra-circuit split in authority. *See Gros Ventre Tribe v. United States*, 469 F.3d 801, 808–09 (9th Cir. 2006) (explaining the divergent views this circuit has taken on whether § 702 requires final agency action). We need not resolve this tension, however, because we affirm the district court's dismissal of Plaintiffs' claims on alternative grounds and, in any event, the relevant waivers have gone into effect. *See id.*

2. We affirm the dismissal of Plaintiffs' claims because they have failed to state a claim on which relief can be granted. Starting with Count I, Plaintiffs seek a declaration of their water rights pursuant to *Winters v. United States*, 207 U.S. 564 (1908). This claim is contingent on the validity of the Compact and the Crow Tribe Water Rights Act of 2010 (the "Settlement Act"), which ratified the

3

Compact. If the Compact and Settlement Act are valid, the district court cannot declare that Plaintiffs have *Winters* water rights because the Compact and Settlement Act expressly define Plaintiffs' water rights as that portion of the tribal water right allocated to them by the Crow Tribe. Thus, the success of Count I depends on the success of the remaining counts.

Turning to Count II, Plaintiffs claim that the United States violated fiduciary duties owed to Plaintiffs, including the duty to provide private counsel. Plaintiffs also argue that the government violated its fiduciary duties by not obtaining Plaintiffs' participation or consent in negotiations, failing to ensure that Plaintiffs retained their *Winters* rights, and failing to ensure that Plaintiffs got enough water to irrigate their lands. As explained below, Plaintiffs have not pointed to any authority imposing upon the United States a duty to provide Plaintiffs with private counsel. *See Gros Ventre Tribe*, 469 F.3d at 809–10 (explaining that there is no "common law cause of action for breach of trust that is wholly separate from any statutorily granted right"). And though Plaintiffs' other allegations may support a takings claim or a claim under the Federal Torts Claims Act for breach of fiduciary duties, Plaintiffs have expressly stated that they are not seeking monetary relief for a taking or other violation of their rights at this time. Here, Plaintiffs only ask us to hold that the Settlement Act (and, by extension, the Compact) is unconstitutional.

Though their allegations may support a claim for damages,[1] they do not provide a basis for rendering the Settlement Act invalid.  *See United States v. Jicarilla Apache Nation*, 564 U.S. 162, 175 (2011) ("Throughout the history of the Indian trust relationship, [the Supreme Court has] recognized that the organization and management of the trust is a sovereign function subject to the plenary authority of Congress."); *Winton v. Amos*, 255 U.S. 373, 391 (1921) ("It is thoroughly established that Congress has plenary authority over the Indians and all their tribal relations, and full power to legislate concerning their tribal property.").

Similarly, Count III alleges that the government violated Plaintiffs' due process rights by not consulting them during negotiations, not providing them with private counsel, and not obtaining their consent to waive their rights.  This procedural due process argument fails because the legislative process was the only process to which Plaintiffs were entitled.  *See Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 283 (1984) ("The Constitution does not grant to members of the public generally a right to be heard by public bodies making decisions of policy.").

---

[1] We express no views on the merits of any future claims for damages that Plaintiffs may bring.

In Count IV, Plaintiffs allege that the United States violated 25 U.S.C. § 175 by not providing them private legal counsel. Section 175, however, provides: "In all States and Territories where there are reservations or allotted Indians *the United States attorney* shall represent them in all suits at law and in equity." 25 U.S.C. § 175 (emphasis added). Section 175 provides no basis for Plaintiffs' argument that they are entitled to private legal counsel at the Government's expense. Though Congress has occasionally enacted legislation requiring the United States to pay for private counsel to represent Indians in some matters, *see United States v. Gila River Pima-Maricopa Indian Cmty.*, 391 F.2d 53, 56–57 (9th Cir. 1968), Plaintiffs point to no statute requiring the United States to pay for private counsel here. And to the extent Plaintiffs might seek representation by the United States attorney (which they do not claim to do), "[w]e have held that the statute (section 175) is not mandatory." *Id.* at 56. Count IV thus fails as a matter of law. Count V, which seeks mandamus relief forcing the United States to provide Plaintiffs with independent counsel pursuant to § 175, also fails for the same reason.

**AFFIRMED.**