NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10113 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-01558-CKJ-CRP-2 |
| v. | |
| BRENDA MARIA MENDOZA-BOJORQUEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted July 10, 2017
San Francisco, California

Before: GRABER and FRIEDLAND, Circuit Judges, and GUILFORD,** District
Judge.

Brenda Mendoza-Bojorquez appeals her convictions for conspiracy with

intent to distribute, possession with intent to distribute, conspiracy to import, and

importation of methamphetamine. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Andrew J. Guilford, United States District Judge for
the Central District of California, sitting by designation.

The district court did not abuse its discretion in denying the motion for a new trial. Like the district court, we have reviewed the Government's information about the confidential source *in camera*. Even if we assume that information that a district court had already reviewed *in camera* could count as newly discovered evidence for the purposes of a new trial motion, the source's identity and potential testimony do not "indicate[] the defendant would probably be acquitted in a new trial." *See United States v. King*, 735 F.3d 1098, 1108 (9th Cir. 2013) (quoting *United States v. Berry*, 624 F.3d 1031, 1042 (9th Cir. 2010)).

The district court also did not abuse its discretion in denying the motion to substitute counsel. The district court held a hearing in which it asked Mendoza-Bojorquez and her counsel questions targeted at understanding the source and extent of the alleged conflict between them. *See United States v. Reyes-Bosque*, 596 F.3d 1017, 1034 (9th Cir. 2010). Based on their answers, the court determined that, contrary to Mendoza-Bojorquez's assertions, she and her counsel were able to communicate. The court also concluded that Mendoza-Bojorquez's discomfort resulted more from her counsel's tactical decisions and his legal assessment of her case than from a true breakdown in communications. *See United States v. McKenna*, 327 F.3d 830, 843-44 (9th Cir. 2003); *United States v. Roston*, 986 F.2d 1287, 1292-93 (9th Cir. 1993).

The district court also found the motion untimely. Mendoza-Bojorquez

2

made her request about ten days before trial. While this timing may in some cases

be timely, *see United States v. Velazquez*, 855 F.3d 1021, 1036-37 (9th Cir. 2017),

here, she testified that her concerns about her attorney were longstanding, and she

did not offer any explanation for the delay in raising those concerns. In addition, a

material witness had been paroled into the country and was in custody for the trial,

meaning that a continuance would prolong the time he spent in custody. In these

circumstances, the district court did not abuse its discretion by denying the motion

to substitute counsel.[1]

"[T]he customary procedure in this Circuit for challenging the effectiveness

of defense counsel in a federal criminal trial is by collateral attack on the

conviction under 28 U.S.C. § 2255." *United States v. Hanoum*, 33 F.3d 1128,

1131 (9th Cir. 1994) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th

Cir. 1984) (per curiam)); *see United States v. Rahman*, 642 F.3d 1257, 1259-60

(9th Cir. 2011). We decline to depart from our custom to consider Mendoza-

Bojorquez's ineffective assistance of counsel claim on direct review.

**AFFIRMED.**

---

[1] At oral argument, counsel contended that the district court erred procedurally by failing to question Mendoza-Bojorquez outside the presence of her attorney. Mendoza-Bojorquez did not make this argument in her briefs, and thus she waived it. *See Harger v. Dep't of Labor*, 569 F.3d 898, 904 n.9 (9th Cir. 2009) (argument raised for first time at oral argument is waived).