NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FREDERIC PAUL SMITH, Plaintiff-Appellant, v. UNITED STATES POSTAL SERVICE, Defendant-Appellee. | No. 17-35004 D.C. No. 1:16-cv-00126-SPW MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted December 18, 2017[**]

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Frederic Paul Smith appeals pro se from the district court's judgment

dismissing on the basis of sovereign immunity his action against the United States

Postal Service ("USPS") alleging that a USPS employee stole a sapphire he sent

through the U.S. mail.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

de novo.  *Harger v. Dep't of Labor*, 569 F.3d 898, 903 (9th Cir. 2009).  We affirm.

The district court properly dismissed Smith's action on the basis of sovereign immunity because the waiver of sovereign immunity under 28 U.S.C. § 1346(b) does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b); *see also* 28 U.S.C. § 1346(b) (waiving United States sovereign immunity for certain tort actions); *Dolan v. U.S. Postal Serv., et al.*, 546 U.S. 481, 487 (2006) (discussing meaning of "loss" under § 2680(b)).

Contrary to Smith's contention, the USPS did not waive its sovereign immunity in its letter denying Smith's administrative claim.  *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1460 n.6 (9th Cir. 1985) ("A claim for damages against a federal agency is barred by sovereign immunity unless Congress has consented to suit.").

We do not consider documents not presented to the district court.  *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**

17-35004