**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADIL HIRAMANEK, | No. 16-17119 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-04377-RMW |
| v. | |
| JUDICIAL COUNCIL OF CALIFORNIA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted February 19, 2019[**]

Before:     FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Adil Hiramanek appeals pro se from the district court's judgment dismissing

his action alleging various federal claims. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C.

§ 1915(e)(2)(B)(ii). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly dismissed Hiramanek's claim challenging California's vexatious litigant statute as barred by the doctrines of claim and issue preclusion because the elements of both doctrines were satisfied. *See Kendall v. Visa USA, Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008) (elements of issue preclusion); *Mpoyo v. Litton Electro–Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (elements of claim preclusion).

The district court properly dismissed Hiramanek's claims against the United States, the Department of Justice, and the Attorney General because Hiramanek failed to establish that the United States had waived sovereign immunity for his claims. *See Harger v. Dep't of Labor*, 569 F.3d 898, 903 (9th Cir. 2009) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." (citation omitted)); *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983) ("The party who sues the United States bears the burden of pointing to . . . an unequivocal waiver of immunity.").

The district court properly dismissed Hiramanek's remaining claims because Hiramanek failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are

construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

To the extent Hiramanek alleged legal error in any California state court proceedings, the district court properly dismissed because the *Rooker–Feldman* doctrine bars any such claim. *See Noel v. Hall*, 341 F.3d 1148, 1155-57 (9th Cir. 2003) (*Rooker–Feldman* doctrine bars de facto appeal of a state court decision).

The district court did not abuse its discretion by dismissing the complaint without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district judge did not abuse its discretion by refusing to disqualify himself. *See* 28 U.S.C. § 144 (requirements for recusal); § 455 (circumstances requiring recusal); *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (standard of review; "recusal will be justified either by actual bias or the appearance of bias").

The district court did not abuse its discretion by declaring Hiramanek a vexatious litigant and imposing pre-filing restrictions because the district court

16-17119

gave Hiramanek notice and the opportunity to oppose the pre-filing order, created a record adequate for review, made substantive findings of frivolousness, and tailored the order narrowly to prevent the abusive conduct. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-58 (9th Cir. 2007) (setting forth standard of review and factors a district court must consider before imposing a pre-filing restriction on a vexatious litigant). Contrary to Hiramanek's contention, the district judge did not lack authority to impose pre-filing restrictions on Hiramanek after issuing an order to show cause.

Hiramanek's motions to maintain the case under seal (Docket Entry Nos. 30, 31) are denied. *See* Interim 9th Cir. R. 27-13(a).

**AFFIRMED.**

16-17119