**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARIFF GULAMANI; SHAIROSE
GULAMANI, husband and wife,

        Plaintiffs-Appellants,

  v.

UNITRIN AUTO AND HOME
INSURANCE COMPANY, a Washington
licenses motor vehicle insurer,

        Defendant-Appellee.

No.   20-35312

D.C. No. 2:19-cv-01475-TSZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted December 8, 2020
Seattle, Washington

Before:  BERZON, MILLER, and BRESS, Circuit Judges.

Ariff and Shairose Gulamani appeal from the district court's order granting

summary judgment to Unitrin Auto and Home Insurance Company on their claim

that Unitrin wrongly denied underinsured motorist (UIM) benefits for injuries Ariff

Gulamani sustained in a 2013 car accident. The district court held that res judicata

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

barred the Gulamanis' claim because it could have been raised in a previous lawsuit in which Ariff Gulamani sought personal injury protection (PIP) benefits from Unitrin for injuries he sustained in the same car accident. The district court also held that the Gulamanis were not "legally entitled to recover damages" under the policy because the statute of limitations had expired on their claim against the underinsured motorist. *See* Wash. Rev. Code § 48.22.030(2). Reviewing the district court's grant of summary judgment de novo, *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020), we affirm on the ground that res judicata bars the Gulamanis' present claims, and so do not consider whether the Gulamanis were "legally entitled to recover damages."

Because a Washington court adjudicated the claims in the prior litigation, Washington law determines the preclusive effect of that court's judgment. *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005). "Filing two separate lawsuits based on the same event—claim splitting—is precluded in Washington." *Ensley v. Pitcher*, 222 P.3d 99, 102 (Wash. Ct. App. 2009) (quoting *Landry v. Luscher*, 976 P.2d 1274, 1276 (Wash. Ct. App. 1999)). Res judicata bars a party from litigating a matter that "could have been raised, and in the exercise of reasonable diligence should have been raised, in the prior proceeding." *Kelly-Hansen v. Kelly-Hansen*, 941 P.2d 1108, 1112 (Wash. Ct. App. 1997); *see also Norris v. Norris*, 622 P.2d 816, 820 (Wash. 1980). To determine

2

whether a claim should have been raised in a prior proceeding, Washington courts look to whether the claim arises from the same "transaction, or series of connected transactions, out of which the [prior] action arose." *Sound Built Homes, Inc. v. Windermere Real Estate/S., Inc.*, 72 P.3d 788, 794 (Wash. Ct. App. 2003) (quoting Restatement (Second) of Judgments § 24(1) (1982)). Washington courts consider "whether the present and prior proceedings arise out of the same facts, whether they involve substantially the same evidence, and whether rights or interests established in the first proceeding would be destroyed or impaired by completing the second proceeding." *Kelly-Hansen*, 941 P.2d at 1113.

Both Ariff Gulamani's previous claims against Unitrin regarding PIP coverage and the Gulamanis' current claims against Unitrin regarding UIM coverage stem from the same event—the 2013 car accident. Both claims involve similar issues and substantially the same documents. Thus, Ariff Gulamani's claims in the prior litigation preclude the claims in the current suit. *See Chukri v. Stalfort*, 403 P.3d 929, 933 (Wash. Ct. App. 2017).

The Gulamanis argue that res judicata applies only to the issues actually litigated in the prior case—not the issues that should have been litigated—because Unitrin initiated that case by filing a declaratory judgment action. They rely on the Restatement (Second) of Judgments § 33, which states that a declaratory judgment action is only "conclusive in a subsequent action . . . as to the matters declared, and

3

. . . as to any issues actually litigated." Washington has not yet adopted the Restatement approach on this issue. *See Coates v. City of Tacoma*, 457 P.3d 1160, 1176 (Wash. Ct. App. 2019) (Fearing, J., dissenting).

But even if we were to assume that Washington would adopt the Restatement rule, that rule does not apply to this case. A defendant who brings a counterclaim becomes "a plaintiff as far as the counterclaim is concerned" for purposes of res judicata. Restatement (Second) of Judgments § 21 cmt. a. While Unitrin initially sought narrow declaratory relief to determine whether an insured could request to have an independent medical examination recorded by counsel, Ariff Gulamani brought three affirmative counterclaims, for damages, on grounds that far exceeded the scope of that initial issue. The Gulamanis have identified no authority suggesting that any State would decline to apply res judicata in these circumstances. Because Ariff Gulamani's counterclaims must be granted their full preclusive effect, res judicata bars the Gulamanis' current suit.

For the first time at oral argument, the Gulamanis contended that they could not have brought the UIM claims in the prior litigation because the claims had not yet accrued, as the Gulamanis had not filed a claim for UIM benefits with Unitrin and been denied coverage. While the Gulamanis likely could have filed a claim with Unitrin and generated a rejection through the "exercis[e] [of] reasonable diligence," *Sanwick v. Puget Sound Title Ins. Co.*, 423 P.2d 624, 627 (Wash. 1967)

4

(quoting *Sayward v. Thayer*, 36 P. 966, 966 (Wash. 1894)), we need not consider the question further, because the Gulamanis forfeited this theory by failing to raise it earlier, *Harger v. Department of Labor*, 569 F.3d 898, 904 n.9 (9th Cir. 2009); *see also Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) ("This court will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief.") (quotations omitted).

Because we resolve this case on the basis of res judicata, the Gulamanis' motion to take judicial notice of documents relevant to other issues (Dkt. No. 36) is **DENIED**.

**AFFIRMED**.